UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application Of

ANNINGTON FUNDING PLC, ANNINGTON LIMITED, ANNINGTON PROPERTY LIMITED, and ANNINGTON HOMES LIMITED,

Petitioners, For An Order Pursuant To 28 U.S.C. § 1782 To Obtain Discovery For Use In A Foreign Proceeding

Case No. 1:26-mc-61-JGK-RFT

**CONFIDENTIALITY STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER**

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the above-captioned action (the "US Action"):

1. Counsel for any party or non-party producing documents or information (a "Producing Party") may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of their client in information that is proprietary, a trade secret, or otherwise sensitive non-public information. Information and documents designated by a Producing Party as confidential will be stamped "CONFIDENTIAL."

2. In addition to designating a document or information as "CONFIDENTIAL," a Producing Party may also designate a document or information, in whole or in part, as "OUTSIDE COUNSEL'S AND EXPERTS' EYES ONLY" if counsel determines, in good faith, that such document or information contains information that is so highly competitive and/or sensitive in nature that disclosure to the other party's business or legal personnel could result in a substantial

likelihood of serious competitive or other harm. Information and documents so designated will be stamped "OUTSIDE COUNSEL'S AND EXPERTS' EYES ONLY." Information designated "CONFIDENTIAL" or "OUTSIDE COUNSEL'S AND EXPERTS' EYES ONLY" will be referred to collectively herein as "Confidential Information."

3. The Confidential Information disclosed will be held and used by the person receiving such information (a "Receiving Party") solely for use in connection with the US Action and with the matter currently pending in the High Court of Justice of England and Wales, Business and Property Division, Commercial Court (Financial List) (the "English Court"), captioned *GLAS Trustees Ltd v Annington Funding Plc & Ors*, Case-ID-FL-2026-000008 (the "English Action"). Confidential Information shall not be used for any other reason, including in connection with other litigation (including related actions) unless the Producing Party agrees in writing or the Court otherwise grants permission.

4. Should a document or information be designated "OUTSIDE COUNSEL'S AND EXPERTS' EYES ONLY," the Receiving Party may at any time request that the Producing Party provide a further copy of such document redacted in such a manner that the document may also be disclosed or displayed in part to those people identified at 6(a) to 6(c) below (a "Confidential Version"). A Producing Party must provide a Confidential Version of a document within 7 days of such a request.

5. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in the US Action is relevant or admissible in the English Action. Each party to the US Action and/or the English Action reserves the right to seek to use and seek the admissibility of, and the right to object to the use or

admissibility of, the Confidential Information in the English Action pursuant to the rules and procedures governing the English Action.

6. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a. The Receiving Party and its counsel, including in-house counsel;

b. GLAS Trustees Limited ("GLAS"), the petitioner in the English Action, and its counsel;

c. Employees of such counsel in (a) and (b) above assigned to and necessary to assist in the US Action and/or the English Action, as well as vendors (such as e-discovery vendors or duplicating services) assisting such counsel;

d. Consultants or experts assisting in the prosecution or defense of the US Action or the English Action, to the extent deemed necessary by counsel;

e. The Court or the English Court (including the judge, or other person having access to any Confidential Information by virtue of his or her position with the Court or the English Court); and

f. Other persons only with written consent of the Producing Party or pursuant to an order of the Court.

7. Documents designated as "OUTSIDE COUNSEL'S AND EXPERTS' EYES ONLY" shall not be disclosed to any person except the Receiving Party's outside counsel; GLAS's outside counsel, employees of such outside counsel assigned to and necessary to assist in the US Action and/or the English Action, and vendors assisting such outside counsel; and those people identified in paragraph 6(d), 6(e), and 6(f) above.

8. Prior to disclosing or displaying the Confidential Information to any person identified in paragraph 6(d) or 6(f) above, counsel for the Receiving Party must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than the US Action or the English Action and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

9. The disclosure of a document or information without designating it as "CONFIDENTIAL" or "OUTSIDE COUNSEL'S AND EXPERTS' EYES ONLY" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

10. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the Receiving Party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the Producing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the Receiving Party's failure to appropriately protect PII from unauthorized disclosure.

11. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding or (subject to the English law mandatory rules and procedures governing it) in the English Action. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or

segregation of privileged and/or protected information before production. Notwithstanding the designation of information as "CONFIDENTIAL" or "OUTSIDE COUNSEL'S AND EXPERTS' EYES ONLY" in discovery, there is no presumption that such information shall be filed with the Court under seal in the US Action. For requests to file information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions. If a Receiving Party seeks to file with the Court in the US Action a document designated as "CONFIDENTIAL" or "OUTSIDE COUNSEL'S AND EXPERTS' EYES ONLY," that party must either (*i*) obtain consent from the Producing Party to publicly file the document or (*ii*) submit a sealing request to the US Court. A Receiving Party may file such documents in the English Action without obtaining consent from the Producing Party or a Court order if such filing is not accessible to anyone other than persons permitted to access such documents pursuant to paragraph 6 or paragraph 7 above, as applicable. A Receiving Party shall not publicly file a document designated as "CONFIDENTIAL" or "OUTSIDE COUNSEL'S AND EXPERTS' EYES ONLY" absent consent of the Producing Party or an order or mandatory rule of the applicable Court in the US Action or the English Action. Where it is required to file any such document in the English Action in a manner that means such document would be accessible to persons other than those permitted to access such documents pursuant to paragraph 6 or 7 above (including in or following a public hearing) that Receiving Party undertakes to submit a request to the English Court that the relevant documents (or part(s) of such documents) are excluded from the public record.

12. At the conclusion of the English Action, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the Producing Party or, upon permission of the Producing Party, destroyed.

13. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena. If a Receiving Party is served with a subpoena, court order, or other process that seeks to compel disclosure of any Confidential Information, the Receiving Party shall notify the Producing Party in writing within five days after receiving such subpoena, court order, or other process, and prior to production of any Confidential Information.

14. Nothing contained herein shall limit the parties' ability to use Confidential Information in the English Action in a manner that is consistent with the rules and procedures governing the English Action, provided that they do so in a manner consistent with the provisions of this Confidentiality Stipulation and Protective Order, and subject to the English Court's resolution of any objections to the use or admissibility of any Confidential Information in the English Action.

**SO STIPULATED AND AGREED.**

Dated: November 10, 2026
New York, NY

SO ORDERED

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

Dated: November 10, 2026
New York, NY

BAUGHMAN KROUP BOSSE PLLC

*/s/ George Kroup*
George W. Kroup
One Liberty Plaza
4th Floor
New York, NY 10006
(212) 548-3212
gkroup@bkbfirm.com

Counsel for Applicants Annington Funding PLC, Annington Limited, Annington Property Limited, Annington Homes Limited

DEWEY PEGNO & KRAMARSKY LLP
*/s/ Jenifer Salzberg*
Jenifer L. Salzberg
Ariel P. Cannon
777 Third Avenue
New York, New York 10017
(212) 943-9000
jsalzberg@dpklaw.com
acannon@dpklaw.com

Counsel for Respondents Houlihan Lokey, Inc., and Jeffrey Dorst

DEBEVOISE & PLIMPTON LLP
*/s/ Wendy B. Reilly*
Wendy B. Reilly
66 Hudson Boulevard

New York, NY 10001
(212) 909-6000
wbreilly@debevoise.com

Counsel for Respondents Centerbridge Partners, L.P., D. E. Shaw & Co., L.P., and Sona Asset Management (US) LLC

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application Of<br><br>ANNINGTON FUNDING PLC, ANNINGTON LIMITED, ANNINGTON PROPERTY LIMITED, and ANNINGTON HOMES LIMITED,<br><br>Petitioners, For An Order Pursuant To 28 U.S.C. § 1782 To Obtain Discovery For Use In A Foreign Proceeding | Case No. 1:26-mc-61-JGK-RFT<br><br>**NON-DISCLOSURE AGREEMENT** |

I, ________________________, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order governing the non-disclosure of those portions of discovery material that have been designated as Confidential or Outside Counsel's and Experts' Eyes Only. I agree that I will not disclose such material to anyone other than for purposes permitted under the Confidentiality Stipulation and Protective Order, and that at the conclusion of the litigation I will either return all discovery material to the party or attorney from whom I received it or, upon permission of the Producing Party, destroy such discovery material. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: ____________, 20__

________________________________ ________________________________
Name (printed) Signature

Signed in the presence of:

________________________________
(Attorney)